UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FEDERAL INSURANCE COMPANY,

Petitioner,

v.

DEPROFUNDIS INC.,

Respondent.

Case No.:  26-cv-00338-LL-GC

**ORDER GRANTING MOTION TO COMPEL**

**[ECF No. 7]**

Pending before the Court is Federal Insurance Company's ("Petitioner") Motion for Determination of Discovery Dispute, which requests that the Court compel DeProfundis Inc., d/b/a Vert Environmental Testing & Associates ("Respondent") to comply with the subpoena for documents served on November 6, 2025 (the "Subpoena").  (ECF No. 7.) Respondent failed to file an opposition but Respondent's registered agent for service of process with the California Secretary of State, Nathan Borsheim ("Mr. Borsheim"), appeared at the Motion Hearing held before Magistrate Judge Guillermo Cabrera on May 20, 2026.

1

Accordingly, as discussed more fully below, based upon the discussion at the hearing, filings before this Court, and pursuant to Federal Rule of Civil Procedure 45, the Court ORDERS Respondent to comply with the Subpoena within one week of the issuance of this Order, and to provide Petitioner a signed certification of good faith and diligence in searching its files for responsive documents.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Respondent is a company providing environment testing and consulting services hired by two homeowners who sued Petitioner in the Central District of California. *See Momtazee v. Federal Insurance Company*, No. 2:25-cv-03899-JLS-AJR (C.D. Cal.). The homeowners seek substantial damages for alleged Palisades fire smoke damage that rendered their home and contents a total loss. (ECF No. 7.) Shortly after the fire, Petitioner retained an expert who concluded that the house could be cleaned and restored to its pre-fire condition. (*Id.*) Dissatisfied with Petitioner's expert, the homeowners hired Respondent, the cost of which Petitioner covered. (*Id.*) Respondent reached a conclusion consistent with Petitioner's expert. (*Id.*) Thus, Respondent's expertise, findings, and conclusions remain highly relevant to the disputed issues in the underlying Central District action. (*Id.*)

On November 6, 2025, Petitioner issued the Subpoena to Respondent for documents pertinent to the claims and defenses in the underlying action. (Declaration of Samuel B. Weiss, ECF No. 7-1 ("Weiss Decl.") ¶ 4, Ex. 3.) Petitioner personally served Respondent's registered agent for service of process with the California Secretary of State, Mr. Borsheim, with the Subpoena.[1] (*Id.* at Exs. 2, 4.) Respondent failed to timely object or otherwise

---

[1] The Proof of Service indicates that Petitioner's process server attempted to serve Mr. Borsheim with the Subpoena on six occasions over a two-month period. (Weiss Decl. Ex. 4.) On November 6, 2025, around 10:14 PM, the process server finally personally served Mr. Borsheim at his residential address. (*Id.*) Mr. Borsheim "ignored" the process server as he announced service. (*Id.*) Mr. Borsheim "slammed the door in [the process server's] face" as the process server tried to reach him and keep the door open. (*Id.*) The process

26-cv-00338-LL-GC

respond to the Subpoena.[2] *See* Fed. R. Civ. P. 45.  As Respondent resides in this District, Petitioner filed a Motion to Compel Compliance with Subpoena before this Court on January 20, 2026, and served Respondent with a copy of the Summons and Motion.[3] (ECF No. 1.)  Thereafter, Mr. Borsheim called Petitioner and confirmed Respondent had been served with the Summons and Motion but suggested Respondent still would not comply with the Subpoena.  (Weiss Decl. ¶ 7.)

On February 3, 2026, the Honorable Karen Crawford denied the Motion without prejudice and set a briefing schedule for a motion to enforce the Subpoena.  (ECF No. 5.)  The Court ordered the parties to meet and confer and file a "Joint Motion for Determination of Discovery Dispute" no later than February 27, 2026.  (*Id.*)  Petitioner served Respondent with a copy of the Order.[4] (ECF No. 6.)

On February 3, 5, 9, 10, and 12, 2026, Petitioner asked Respondent to meet and confer in compliance with the Order.  (Weiss Decl. ¶ 9, *see* Ex. 8.)  On February 24, 2026, Petitioner left a voicemail for Respondent offering to negotiate a compromise.   (Weiss Decl. ¶ 10.)   Respondent ignored all of Petitioner's communications and failed to participate in the meet and confer process.  (*Id.*)

///

server told Mr. Borsheim through the door that he was served, and the documents would be left at his doorstep.  (*Id.*)  The process server then left the documents at the doorstep. (*Id.*)

[2] Additionally, from November to December 2025, Petitioner by mail, voicemail, and/or email inquired whether Respondent would comply with the Subpoena.  (Weiss Decl. Exs. 5, 6.)  Respondent ignored all of Petitioner's communications. During the hearing, Mr. Borsheim all but admitted his efforts to evade service.

[3] The Proof of Service indicates that Petitioner's process server personally served Mr. Borsheim with the Summons and Motion at his residential address on January 29, 2026, around 4:55 PM.  (ECF No. 4.)

[4] Petitioner's Certificate of Service indicates that Petitioner's process server personally served Mr. Borsheim with the Order at his residential address on February 4, 2026, around 6:54 PM.  (ECF No. 6.)

26-cv-00338-LL-GC

On February 27, 2026, Petitioner had to unilaterally file the Motion for Determination of Discovery Dispute. (ECF No. 7.) On March 2, 2026, Judge Crawford afforded Respondent yet another opportunity to participate by giving Respondent two weeks from the date of service of Petitioner's Motion and the Court's latest Order to file an opposition.[5] (ECF No. 8.) Judge Crawford warned Respondent that "further failures to comply with this Court's orders could result in a ruling granting the relief petitioner seeks." (*Id.*) Despite such warning, Respondent failed to file an opposition. (ECF No. 12.)

On May 5, 2026, the Court granted Respondent a final opportunity to participate in this matter by issuing an Order to Show Cause and setting a Motion Hearing.[6] (*Id.*) The Court ordered Respondent to file a written declaration by May 15, 2026 explaining why it had ignored and violated this Court's Orders. (*Id.*) The Court set a Show Cause and Motion Hearing for May 20, 2026, and ordered Respondent to appear in person. (*Id.*) The Court's Order made clear that "[c]orporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." CivLR 83.3(j). However, Respondent failed to appear through counsel at the hearing. Instead, Mr. Borsheim appeared on behalf of Respondent as its owner and agent for service of process. Respondent also failed to timely file a declaration.[7]

---

[5] Petitioner's Certificate of Service indicates that Petitioner served Respondent with the Motion and the Court's March 2, 2026 Order by Federal Express to all known business addresses for Respondent and residential addresses for Mr. Borsheim. (ECF No. 9.)

[6] Petitioner's Certificate of Service indicates that Petitioner served Respondent with the Court's May 5, 2026 Order by Federal Express/Overnight Delivery to all known business addresses for Respondent and residential addresses for Mr. Borsheim. (ECF No. 15.)

[7] Respondent filed a declaration three days late on May 18, 2026. (ECF No. 16.) Respondent confused Mr. Borsheim in his individual capacity with the Respondent entity. Mr. Borsheim incorrectly claimed that Respondent was unlawfully served. (*Id.*) Mr. Borsheim complained that service attempts escalated, but it was Mr. Borsheim's own evasion that apparently caused such escalation. Mr. Borsheim claimed that he was ill during this time; however, while he was ill, Mr. Borsheim remained listed as Respondent's only agent for service of process with the California Secretary of State. (*Id.*) Continuing to conflate himself with Respondent, Mr. Borsheim attempted to excuse Respondent's

26-cv-00338-LL-GC

## II.    LEGAL ANALYSIS

### a. Respondent was Properly Served yet Failed to Respond or Participate in This Matter.

Based on the testimony presented at the May 20, 2026 hearing and the filings before this Court, and pursuant to Federal Rules of Civil Procedure 4(h), 5, and 45(b), the Court finds that Petitioner properly served Respondent with (1) the Subpoena at issue in this matter; (2) the original Motion and Summons; (3) Judge Crawford's February 3, 2026 Order; (4) the pending Motion; (5) Judge Crawford's March 2, 2026 Order; and (6) the Court's May 5, 2026 Order.  Respondent failed to comply with each of these filings and Orders before appearing at the May 20, 2026 hearing under the threat of sanctions.  At the hearing, Mr. Borsheim did not express a legal or factual justification for Respondent's failure to timely object or otherwise respond to the Subpoena, or for his failure to follow this Court's Orders.[8]

### b. Petitioner's Subpoena is Proper in Form, Substance, and Scope.

Federal Rule of Civil Procedure 45 permits a party to command, via subpoena, the production of documents in the "possession, custody, or control" of a nonparty. Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery that may be obtained through a subpoena "is the same as that applicable to Rule 34 and the other discovery rules, which in turn is the same as under Rule 26(b)." *ATS Products, Inc v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (citing Fed. R. Civ. P. 45 Advisory Committee Notes to 1970 Amendment).  "Rule 26(b) allows a party to obtain discovery concerning 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Id.*  In the discovery

---

persistent failures to participate in this matter because his personal involvement with the requested documents was "limited." *(Id.)*  Because the subpoena was directed at Respondent, an entity, Mr. Borsheim's personal involvement is irrelevant to the scope of Respondent's responses.

[8] Although the Court heard from Mr. Borsheim, because Respondent failed to appear through counsel at the May 20, 2026 hearing, the Court considers this motion unopposed.

26-cv-00338-LL-GC

context, information is relevant if it relates to "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Bryant v. Armstrong*, 285 F.R.D. 596, 600 (S.D. Cal. 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)). "Information need not be admissible to be discoverable." *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018). "Where relevance is in doubt . . . the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).

Here, Petitioner seeks relevant documents in Respondent's possession concerning the insurance claim-related environmental testing Respondent performed for the homeowners in the underlying Central District action. (Weiss Decl. Ex. 3.) Respondent performed alleged loss and claim-related work for the homeowners, which is an integral component of the homeowners' claims and Petitioner's defenses in the underlying action. *See Gonzales*, 234 F.R.D. at 681 ("Any information sought by means of a subpoena must be relevant to the claims and defenses in the underlying case."). Respondent's documents are highly relevant to the underlying dispute about the nature and extent of the alleged damage because Respondent tested the property shortly after the fire. Petitioner's requests are narrow to avoid cumulative discovery and excessive expense or burden on Petitioner. (Weiss Decl. Ex. 3.) In fact, the Subpoena only contains five succinct requests for production. (*Id.*) Respondent is an environmental services company that performs environmental testing and generates associated reports as part of its regular business operations. Producing documents in response to a federal subpoena reflecting these exact operations is the ordinary cost of doing business.

### c. **Respondent Failed to Timely Respond to the Subpoena.**

To adequately respond to a subpoena for documents, a nonparty may timely (i) produce such documents under Federal Rule 45(e); (ii) serve objections under Federal Rule 45(d)(2)(B); (iii) move for a protective order under Federal Rule 26(c); or (iv) move to quash the subpoena under Federal Rule 45(d)(3). What a nonparty cannot do, however, is ignore the subpoena. Failure to timely file objections or a challenge generally constitutes

26-cv-00338-LL-GC

a waiver of those rights. *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("[f]ailure to serve timely objections waives all grounds for objection."); *Odyssey Reinsurance Co. v. Nagby*, 2018 WL 1963665, at *2 (S.D. Cal. Apr. 26, 2018) ("Motions to quash under Rule 45(d)(3)(A)(iii) are required to be filed in a timely fashion," typically before the compliance date designated by the subpoena) (internal quotations omitted). Neither Respondent nor the two homeowners in the underlying action have objected to the Subpoena, nor has either opposed the Subpoena or moved to quash it, on any ground. (ECF No. 7.) Respondent failed to seek any extensions to respond to or produce documents. Instead, Respondent ignored the Subpoena and unapologetically disregarded the Court's subpoena power.

### III.   CONCLUSION

Given the foregoing, the Court **ORDERS** as follows:

1.   Petitioner's counsel must serve this Order on Respondent no later than **May 26, 2026**, and file a Certificate of Service no later than **May 27, 2026**.

2.   The Court **GRANTS** Petitioner's motion to compel Respondent to comply with the Subpoena served on November 6, 2025. Respondent must follow all instructions provided therein and produce all responsive documents within one week of the issuance of this Court's Order.

3.   Respondent must also provide Petitioner a signed certification explaining its good faith and diligence in searching its files and electronic devices amongst relevant custodians for responsive documents.

4.   A Status Conference will be held by ZoomGov video conference on **June 5, 2026**, at **10:30 AM** before Judge Cabrera. Mandatory directions for participating in the video conference are attached. Respondent may only appear through counsel pursuant to the Court's Local Rules.

5.   **Failure to follow this Order may result in the imposition of monetary sanctions on Respondent. The Court may also recommend that**

26-cv-00338-LL-GC

**Respondent be held in contempt for failure to obey the Subpoena and follow the Court's Orders.**

Dated:  May 22, 2026

_____

Hon. Guillermo Cabrera
United States Magistrate Judge

**<u>Mandatory Directions for Zoom Video Conference Participation</u>**

1.      The Court will use its official ZoomGov video conferencing account to hold the Status Conference.  **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[9]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the Status Conference.[10]  There is a cost-free option for creating a Zoom account.

2.      Prior to the start of the Status Conference, the Court will e-mail each Status Conference participant an invitation to join a Zoom video conference.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**.  Zoom may then prompt participants to enter the password included in the invitation.  All participants will be placed in a waiting room until the Status Conference begins.

3.      Each participant should plan to join the Zoom video conference **at least 5 minutes before** the start of the Status Conference to ensure that the Status Conference

---

[9]      If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[10]     For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

26-cv-00338-LL-GC

begins on time.

4.     Zoom's functionalities will allow the Court to conduct the Status Conference as it ordinarily would conduct an in-person Status Conference.

5.     All participants shall display the same level of professionalism during the Status Conference and be prepared to devote their full attention to the Status Conference as if they were attending in person.

///

26-cv-00338-LL-GC